THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARRELL T. CARTER** | : | **DOCKET NO. 09-CV-0571** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MITCH SAWYER, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

*Pro se* plaintiff Darrell T. Carter is an inmate incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.[1] Doc. 27. On April 1, 2009, petitioner filed a complaint with this court, alleging that various police officers from various police departments "caused personal injuries to the Plaintiff without any provocation or probable cause in clear violation of established constitutional rights, federal statutes and State of Louisiana laws."[2] Doc. 1, p. 1. Specifically, petitioner alleges that he was attacked by four white males "armed with a firearm," that officers appeared on the scene and failed to stop the beating, and that the officers' themselves "kicked plaintiff in his ribs and tazered plaintiff." *Id.* at p. 2. Plaintiff seeks monetary relief in the amount of $150,000,000. Doc. 17, p. 3.

On July 30, 2010 plaintiff filed a motion with this court, asking that this suit be dismissed. Doc. 19. The court granted this motion. Doc. 21. Subsequently, on August 16, 2010, plaintiff filed a motion to reopen the case. Doc. 22. In this motion, plaintiff argued that he "failed to understand why his suit was dismissed," and that he did "not recall filing a motion or requesting for a motion of dismissal." *Id.* at p. 2. In support of this motion, plaintiff argued that

---

[1] Because petitioner is appearing *pro se*, the court is required to construe plaintiff's petition liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).
[2] Although it is not clear from the pleadings, for the purpose of this motion the court will assume that plaintiff is seeking relief pursuant 42 U.S.C. § 1983, which grants relief for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ."

the motion to dismiss was not actually filed by the plaintiff. Doc. 25. Instead, plaintiff asserted that the motion was in fact fraudulently written and filed by Donald Hull, an attorney hired by plaintiff's family who had been collecting fees and representing the plaintiff since 2007. *Id.* Plaintiff's motion to reopen [doc. 22] was granted on September 3, 2010. Doc. 26.

Now before the court is plaintiff's motion for the appointment of counsel. Doc. 29. For the reasons articulated below, plaintiff's motion [doc. 29] is DENIED.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States Dist. Ct. for the S. Dist.*, 490 U.S. 296, 301-302 (1989), the United States Supreme Court held that the federal courts can only request that an attorney represent a person unable to employ counsel, because the federal courts are not empowered under 28 U.S.C. § 1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *Ulmer v. Chancellor*, 681 F.2d 209, 212 (5th Cir. 1982); *see also Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider when determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of

evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d at 293, n.14); *see also Ulmer*, 691 F.2d at 1242; *Jackson*, 864 F.2d at 213. Plaintiff is not excused from trying to procure counsel for himself.

No special legal knowledge is required of the plaintiff herein. Plaintiff alleges that he was assaulted by police officers. At this point the plaintiff appears to be the only person with the first-hand knowledge of the full-scope of facts which are the basis of this action. Further, plaintiff's claims are not at all complex. Most importantly, plaintiff makes an indication that he has in fact retained counsel. Doc. 25; Doc 29. Although plaintiff believes that his retained counsel "has done nothing to really further assist" his suit [doc. 25, p. 3], and he therefore "does not feel comfortable" with the retained counsel's representation [doc. 29, p. 2], the court will not appoint counsel to an already represented plaintiff. The fact that plaintiff has retained counsel only demonstrates his that this motion for appointed counsel is unwarranted. Finally, although plaintiff has offered financial information that demonstrates his inability to obtain counsel on his own behalf [*see* doc. 7], this information is clearly called into question by his now admitting that family has been paying his attorney's fees since 2007 [doc. 25].

In all, the circumstances presented herein are not "exceptional" as to warrant the appointment of counsel.

## *Conclusion*

Accordingly, plaintiff's motion for appointment of counsel [doc. 29] is DENIED.

IT IS SO ORDERED in chambers in Lake Charles, Louisiana this 6th day of December, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE